UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RICHARD L. SPARKS and wife, | ) | | |
| NICKI M. SPARKS, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:06-CV-99 |
| | ) | | (VARLAN/GUYTON) |
| WESTGATE RESORTS, INC, WESTGATE | ) | | |
| RESORTS, LTD., WESTGATE RESORTS, | ) | | |
| LTD., L.P., WESTGATE SMOKY | ) | | |
| MOUNTAIN RESORT AT GATLINBURG, | ) | | |
| INC., JOHN WILLIAM KELLER a/k/a | ) | | |
| JACKIE KELLER, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This civil action is before the Court on defendants Westgate Resorts, Inc., Westgate Resorts, Ltd., Westgate Resorts, Ltd., L.P., and Westgate Smoky Mountain Resort at Gatlinburg, Inc.'s motion for summary judgment [Doc. 15]. Plaintiffs have filed an opposition to this motion [Doc. 17] and the matter is now ripe for adjudication.

The Court has carefully considered the pending motion, along with the parties' briefs, affidavits, and other relevant pleadings. For the reasons set forth herein, defendants' motion for summary judgment [Doc. 15] will be GRANTED in part and DENIED in part.

I.      **Relevant Facts**

Westgate Resorts, Ltd., also registered in Tennessee as Westgate Resorts, Ltd., L.P. (hereinafter "Westgate"), owns and operates a timeshare development in the Eastern District of Tennessee, in or near Gatlinburg. (Compl. ¶ 7.) Prior to March 25, 2007, plaintiffs, Richard and Nicki Sparks, owned a timeshare with Westgate. (Compl. ¶ 8.) After an unsuccessful attempt to sell their timeshare through other methods, Mr. Sparks placed a "For Sale" sign listing his property on or near Westgate's business premises on March 24, 2005. (Compl. ¶ 8.) Mr. Sparks concedes that he did not have permission from anyone affiliated with Westgate to place his sign there.

The next day, as Mr. Sparks and his family drove past the Westgate Resort office, he noticed that his sign had been removed. He went on to Westgate's property to find the sign and discovered it behind garbage dumpsters. (Compl. ¶ 8.) Mr. Sparks then went onto the sales floor to discuss the removal of his sign with a supervisor. (Compl. ¶ 8.) Mr. Sparks was directed to the sales office off the main floor. A supervisor at Westgate, Dale Campbell,[1] told Mr. Sparks that he was not allowed to put the sign on Westgate's property. [Doc. 17-2, pp.15-16.][2] Defendant John Keller, a Westgate sales representative, overheard this conversation and approached Mr. Sparks and told him that if he replaced the sign, Mr. Keller was going to take it down. [Doc. 17-2, pp.15-16.] Mr. Keller suggested that he and

---

[1] Mr. Campbell was "second in command" when Mr. Willcoxon was not there. Mr. Willcoxon was not present at the time of the incident. [Doc. 17-2, pp.10, 25.]

[2] All page references to depositions will be to the actual deposition page number - not the docket entry page number.

Mr. Sparks step outside. Mr. Campbell stated that he heard Mr. Sparks respond that he knew someone was going to want to fight him but Mr. Sparks denied making such a comment. [Doc. 17-3, p.18; Doc. 17-4, p.15.] Mr. Keller was an employee of Westgate who was at the office at the time of the incident to pick up his paycheck. [Doc. 17-2, p.15.] Mr. Keller and Mr. Sparks left the sales office and went outside followed by other Westgate employees. Once outside, Mr. Keller struck Mr. Sparks causing his injuries. (Compl. ¶ 8.) There is some dispute over who was the initial aggressor and the details of the physical altercation, but those facts are not material to the issue of Westgate's liability.

## II.     Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing that there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*.

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Id.* at 250.

**III. Analysis**

      A.    <u>Liability of Westgate Resorts, Inc. and Westgate Smoky Mountain Resort at Gatlinburg, Inc.</u>

Plaintiffs filed their complaint against Westgate Resorts, Inc., Westgate Resorts, Ltd., Westgate Resorts, Ltd., L.P., and Westgate Smoky Mountain Resort at Gatlinburg, Inc. However, only Westgate Resorts, Ltd., also registered in Tennessee as Westgate Resorts, Ltd., L.P., owns, manages, or otherwise controls the business operations of the facility at which the incident giving rise to this case occurred. Westgate Resorts, Inc. and Westgate Smoky Mountain Resort at Gatlinburg, Inc. have no ownership interest, management power, control, or any other involvement with the business activities at this facility and they did not employ, or otherwise control the sales staff and the facility. As such, plaintiffs have no claim against Westgate Resorts, Inc. and Westgate Smoky Mountain Resort at Gatlinburg, Inc., and therefore they are dismissed as defendants.

B.   Independent Liability of Westgate

Plaintiffs assert that Westgate is liable on a theory of negligence because Mr. Keller struck Mr. Sparks unjustifiably and without threat. Tennessee law recognizes independent employer liability for an employee's intentional act outside the scope of his employment under a theory of negligent supervision. *Hays v. Patton-Tully Transp. Co.*, 844 F. Supp. 1221, 1222 (W.D. Tenn. 1993). As in any negligence claim, the injury must be foreseeable, and therefore an employer is only liable on the basis of negligent supervision if its employee's actions were foreseeable. *Id.* at 1222; *see also Borg v. J.P. Morgan Chase & Co.*, No. 04-2874 M1/V, 2006 WL 2052856, at *12 (W.D. Tenn. July 21, 2006) (citations and internal quotations omitted) ("[A] plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the defendant's power more probably than not would have prevented the injury.").

The element of foreseeability generally requires that the employer be put on notice that the injury causing behavior is likely to occur. *See Staples v. CBL & Assoc.*, 15 S.W.3d 83, 90-91 (Tenn. 2000); *see also McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 901-02 (Tenn. 1992).[3] In *Staples*, the Tennessee Supreme Court determined that summary

---

[3]Plaintiffs suggest that *McClung* is inapplicable because in that case the injury was caused by an unknown third party rather than an employee of the defendant. Plaintiffs' rationale would apply to *Staples* as well. While plaintiffs' factual reading of *McClung* is correct, the fact that the injury was caused by an employee does not change the requirement of foreseeability. Similarly, the plaintiffs' theory in *Staples* was negligence on the part of the defendant for its failure to protect her from harm by a third party and not negligent supervision but this did not stop the Tennessee Court of Appeals from relying heavily on the *Staples* foreseeability analysis in deciding a negligent supervision case. *See Overland v. Swifty Oil Co.*, No. M2000-02192-COA-R3-CV, 2001 WL 856580 (Tenn. Ct. App. July 31, 2001).

5

judgement was not appropriate for the defendant department store when the plaintiff shopper, who was subsequently abducted, had alerted two of defendant's employees that a strange man was following her. 15 S.W.3d at 90-91. The court found that it was foreseeable that plaintiff would be injured and therefore, the store had a duty to protect her. *Id.*

Defendant focuses its lack of foreseeability argument on the fact that it had no knowledge of Mr. Keller acting in this way on a prior occasion. While knowledge of prior acts is one way in which a wrongful act may be foreseeable to an employer, it is not the only way. Signs that a wrongful act is imminent also make injury foreseeable. *See Staples*, 15 S.W.3d at 90-91 (finding foreseeability based on notice shortly before an abduction occurred). Defendant's supervisors had notice immediately prior to Mr. Keller's alleged assault on Mr. Sparks that physical force was imminent. Mr. Keller asked Mr. Sparks to step outside in front of Mr. Campbell and other Westgate supervisors and Mr. Sparks responded, as asserted by Mr. Campbell, that he thought that someone would want to fight him. Taking the facts in the light most favorable to plaintiffs, the Court concludes that it was foreseeable that Mr. Keller was about to attack Mr. Sparks. Just as the defendant in *Staples* was denied summary judgment when defendant was put on notice immediately preceding the harm to Mr. Sparks, Westgate must also be denied summary judgment on the claim of negligent hiring.

      C.    *Respondeat Superior* Liability of Westgate

Plaintiffs allege that Westgate is also liable for Mr. Keller's actions based upon a theory of *respondeat superior*. Under the doctrine of *respondeat superior*, an employer is

vicariously liable for the acts of its employee if the plaintiff proves that the person who caused the injury was an employee, that the employee was on the employer's business, and that the employee was acting within the scope of his employment. *Tenn. Farmers Mut. Ins. Co. v. American Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992)*, see also Russell v. City of Memphis*, 106 S.W.3d 655, 657 (Tenn. Ct. App. 2002). In determining whether an employee is acing within the scope of his employment, Tennessee courts have adopted the Restatement (Second) of Agency. *See, e.g.*, *Tenn. Farmers Mut. Ins. Co.*, 840 S.W.2d at 937-38. The Restatement provides:

> (1) Conduct of a servant is within the scope of employment if, but only if:
> 
> > (a) it is of the kind he is employed to perform;
> > 
> > (b) it occurs substantially within the authorized time and space limits;
> > 
> > (c) it is actuated, at least in part, by a purpose to serve the master; and
> > 
> > (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
> 
> (2) Conduct of the servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space limits, or too little actuated by a purpose to serve the master.

Restatement (Second) of Agency § 228 (1957). Additionally, Tennessee courts have looked to § 229 which provides:

> (1) To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.
> 
> (2) In determining whether or not the conduct, although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:

(a) whether or not the act is one commonly done by such servants;

(b) the time, place and purpose of the act;

(c) the previous relations between the master and the servant;

(d) the extent to which the business of the master is apportioned between different servants;

(e) whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;

(f) whether or not the master has reason to expect that such an act will be done;

(g) the similarity in quality of the act done to the act authorized;

(h) whether or not the instrumentality by which the harm is done has been furnished by the master to the servant;

(i) the extent of departure from the normal method of accomplishing an authorized result; and

(j) whether or not the act is seriously criminal.

Restatement (Second) of Agency § 229 (1957).

Upon consideration of the factors articulated in Restatement (Second) of Agency §§ 228 and 229 and viewing the facts in the light most favorable to the non-moving party, the Court concludes that Mr. Keller's use of force on Mr. Sparks was within the scope of his employment with Westgate. Although Mr. Keller was not hired for security or to regulate the use of Westgate's premises, as a sales representative, his role was to make sales on behalf of Westgate, which in part requires maintaining a positive customer experience on the sales floor. Mr. Sparks was acting in direct competition with sales representatives at Westgate when he placed a "For Sale" sign on Westgate's property. Additionally, Mr. Sparks may

8

have been disturbing the customer experience by creating a disruption in the sales office. In asking Mr. Sparks to leave the sales floor and acting to prevent Mr. Sparks from replacing his sign, Mr. Keller was attempting to further the work he was hired to perform. Mr. Keller's acts were actuated to serve Westgate as Mr. Keller acted in response to Mr. Campbell's comments to Mr. Sparks about replacing the sign. Mr. Keller's interest in the placement of the sign was tied to Westgate's business purpose, and he acted to ensure that the sign was not replaced.

The incident occurred within authorized time and space limits as it took place on Westgate's premises during the day when customers were there. Although Mr. Keller was in Westgate's sale office to pick up his paycheck rather than work, his visit was connected to his work because he would not have been on the premises had he not been employed by Westgate. Finally, because there were signs that an altercation was imminent, the wrongful act was foreseeable and therefore not unexpected.

Generally, "when a servant deviates from his line of duty and engages in a mission of his own or for some third person, the master cannot be held under the rule of *respondeat superior*." *Craig v. Gentry*, 792 S.W.2d 77, 79 (1990) (citing *Pratt v. Duck*, 191 S.W.2d 562 (1945)). An intentional act, including an assault on a third person, is usually deemed outside of the scope of employment. *See Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173, 185 n.1 (Tenn. 1992); *Hoover Motor Express Co. v. Thomas*, 65 S.W.2d 621, 636 (Tenn. Ct. App. 1933). However, an employer is responsible for an employee's acts "while engaged in his master's business, and done with a view to the furtherance of that business and the master's

interest . . . whether the act be done negligently, wantonly, or even willfully." *Roberts v. United States*, 191 Fed. App'x 338, 343 (6th Cir. 2006) (citing *Anderson v. Covert*, 245 S.W.2d 770, 771-72 (Tenn. 1952)). Because Mr. Keller's physical assault on Mr. Sparks was done within the business context and to further Mr. Campbell's instructions that the sign not be replaced, Westgate is responsible for Mr. Keller's actions.

The Court concludes that Mr. Keller was acting within the scope of his employment at the time he struck Mr. Sparks, and therefore summary judgment is not appropriate regarding plaintiffs' theory of *respondeat superior* liability.

## IV. Conclusion

For the reasons set forth herein, the Court finds that Westgate is not entitled to judgment as a matter of law. Accordingly, defendants' motion [Doc. 15] will be GRANTED as to liability of Westgate Resorts, Inc. and Westgate Smoky Mountain Resort at Gatlinburg, Inc. as defendants and DENIED as to liability through negligent hiring and *respondeat superior* as to Westgate Resorts, Ltd., LP.

Order accordingly.

    s/ Thomas A. Varlan  
    UNITED STATES DISTRICT JUDGE